```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


NADEEM SALAMEH                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )
                                  )   CIVIL ACTION NO.
LUIS SPENCER, COMMISSIONER,       )   11-11950-DPW
THOMAS DICKAUT, SUPERINTENDENT,   )
ANTHONY MENDOSA, DEPUTY           )
SUPERINTENDENT, CHRISTOPHER       )
HYDE PROPERTY OFFICER,            )
MARLENE DODGE, HEALTH SERVICE     )
ADMINISTRATOR                     )
                                  )
            Defendants.           )
```

MEMORANDUM AND ORDER
March 29, 2012

The plaintiff brought this action claiming the defendants caused him damage by their deliberate indifference to his serious medical needs while a prisoner in the control of the Massachusetts Department of Correction incarcerated at the Souza Baranowski Correctional Center.

The plaintiff is pursuing another action against certain of the defendants in this case before Judge Stearns in a case styled *Salameh* v. *Duval*, Civil Action No. 12-10165-RGS.  When plaintiff filed a motion (#30) to withdraw this case to pursue the claims here in No. 12-10165, Judge Stearns initially granted leave to amend the complaint in that matter but upon reconsideration urged by the defendants vacated that order.  Meanwhile defendants

opposed the motion to withdraw this case unless it were by dismissal with prejudice, which the plaintiff plainly did not intend. He has in fact pending in this case a motion to amend his complaint (#26) and for the issuance of summonses (#25) to add additional defendants.

While summons have been returned as to all defendants named in the original complaint, one defendant, who was apparently misidentified as "Marlene" as opposed to "Maureen" Dodge, is contesting the efficacy of the service made upon her.

In order to put this case back on track, I will allow plaintiff's motion to amend and deny Ms. Dodge's motion to dismiss. The problems of making service through the Marshals Service for pro se prisoner litigants are daunting and I do not intend to let the case be derailed because a defendant seeks to stand on ceremony regarding service of process for a defendant plainly on notice about the case. If the defendant Dodge's counsel wish to continue their opposition to the prosecution of this case through resort to claims of ineffectiveness in service, it will be necessary to give plaintiff additional time to perfect service and I will do so. In the interim, I will deny the motion of counsel for the defendant Dodge to waive the obligation under Local Rule 7.1(A)(2) to consult with plaintiff.

Accordingly, I will act on the several related motions of the parties and direct the preparation and service of summons on

the unserved defendants (including, if necessary Ms. Dodge) encompassed by the amended complaint.  I note that the plaintiff's address appears to have changed from that on record in this case and the address listed in No. 12-10165 reflects a more recent change of address form and that this new address should be applied in this case as well.


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT